Francis J. "Casey" Flynn, Jr., #304712
LAW OFFICE OF FRANCIS J. FLYNN, JR.
6057 Metropolitan Plz
Los Angeles, CA 90036
Tele: 314-662-2836
Email: casey@lawofficeflynn.com

COUNSEL for PLAINTIFF

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN TAYLOR, derivatively on behalf of MOLINA HEALTHCARE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DALE WOLF, BARBARA BRASIER, STEPHEN LOCKHART, STEVEN ORLANDO, RONNA ROMNEY, RICHARD SCHAPIRO, RICHARD ZORETIC, LEO GROHOWSKI, DANIEL COOPERMAN, JOSEPH ZUBRETSKY, and MARK KEIM,<br><br>Defendants,<br><br>and<br><br>MOLINA HEALTHCARE, INC.,<br><br>Nominal Defendant. | Case No.: 2:25-cv-11769-SPG-RAO<br><br>**NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE WITH EACH PARTY TO BEAR HIS/HER/ITS OWN COSTS PURSUANT TO RULE 41(A)(1)(a)(i)** |

PLEASE TAKE NOTICE that Plaintiff Brian Taylor ("Plaintiff"), derivatively on behalf of Molina Healthcare, Inc. ("Molina" or the "Company), hereby gives notice of the voluntary dismissal of this action without prejudice with each party to bear his / her / its own attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 41(a)(1)(a)(i).

On December 12, 2025, Plaintiff filed this derivative shareholder action (the "Derivative Action") against the defendants Joseph M. Zubretsky, Dale B. Wolf, Barbara L. Brasier, Dr. Stephen H. Lockart, Steven J. Orlando, Ronna E. Romney, Richard M. Schapiro, Richard C. Zoretic, Leo P. Grohowski, and Mark L. Keim[1] (the "Individual Defendants," and, with Molina, "Defendants," and with Plaintiff, the "Parties"). On that same date, Plaintiff filed a Notice of Related Case, in which Plaintiff indicated that the Derivative Action and a related securities class action lawsuit, captioned *Hindlemann v. Molina Healthcare, Inc., et al.*, Case No. 2:25-cv-09461-SPG-RAO (the "Related Securities Action") (a) arise from the same or closely related transaction, happening, or event, (b) call for determination of the same or substantially related or similar questions of law and fact, and (c) include all or substantially all of the same parties. [ECF No. 4.] On January 7, 2026, the Court related the Derivative Action and Related Securities Action. [ECF No. 14.]

On April 27, 2026, the Parties filed a stipulation to stay the Derivative Action pending a resolution of the Related Securities Action, noting that the outcome of the anticipated motion to dismiss the Related Securities Action would be informative and relevant to the litigation of the Derivative Action. [ECF No. 27.] The Court granted the stipulation on June 2, 2026. [ECF No. 32.]

On June 5, 2026, Molina and the other defendants in the Related Securities Action filed a motion to dismiss the Related Securities Action. [Related Securities Action ECF No. 55.] Lead Plaintiff filed an opposition to the motion to dismiss on

---

[1] Defendant Daniel Cooperman was not served with the complaint and was voluntarily dismissed from the case.

July 16, 2026, [Related Securities Action ECF No. 58], and the defendants filed a reply on August 21, 2026, [Related Securities Action ECF No. 60].

On September 14, 2026, the Court granted the motion to dismiss in the Related Securities Action, providing Lead Plaintiff "one additional opportunity to amend to cure the deficiencies identified in this order only." [Related Securities Action ECF No. 63 at 28]. On October 2, 2026, Lead Plaintiff filed a notice informing the Court that it did not intend to file an amended complaint and requesting that the Court enter a final disposition and judgment in favor of the defendants. [Related Securities Action ECF No. 64.]

In light of the pending dismissal with prejudice and entry of judgment in favor of Molina and the other defendants in the Related Securities Action, Plaintiff hereby voluntarily dismisses this Derivative Action without prejudice with each party to bear his / her / its own attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 41(a)(1)(a)(i).

As of the date of this filing, none of the Defendants has either answered Plaintiff's Complaint or filed a motion for summary judgment. Dismissal is therefore effective upon filing of this Notice. Accordingly, this matter may be dismissed without an Order of the Court. Each party will bear its own costs and attorneys' fees.

Dated: October 6, 2026

LAW OFFICE OF FRANCIS J. FLYNN, JR.
Francis J. "Casey" Flynn, Jr.

By: */s/ Francis J. "Casey" Flynn, Jr.*
Francis J. "Casey" Flynn, Jr.

*Counsel for Plaintiff*